**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Theodoros Michaelidis,

Plaintiff,

v.

Daniel Weiss, et al.,

Defendants.

No. CV-26-03005-PHX-MTL

**ORDER**

Before the Court are two motions to dismiss. (Docs. 4, 5.) For the reasons set out below the Court will grant both motions subject to limited leave to amend.[1]

## I. BACKGROUND

The following facts are taken from Plaintiff Theodoros Michaelidis's First Amended Complaint ("FAC").[2] This case arises out of a dispute over Plaintiff's employment contract (the "Agreement") with Defendant Weiss Construction Co. ("Weiss Construction") and conversations between Plaintiff and Defendants Daniel Weiss and Jake Weiss. Weiss Construction is a Michigan company, and Daniel and Jake Weiss are residents of Michigan. (FAC ¶¶ 2-4.) Plaintiff is an Arizona resident. (*Id.* ¶ 1.)

This controversy began when a headhunter contacted Plaintiff about an employment opportunity with Weiss Construction. (*Id.* ¶ 17.) Interested in bringing Plaintiff on, Jake

[1] The Court finds a hearing unnecessary because oral argument would not aid the decisional process. *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* Fed. R. Civ. P. 78(b); LRCiv 7.2(f).

[2] All references to the FAC will cite to a paragraph therein. Because this case was removed and not originally filed in this Court, the FAC is not a standalone document. But it can be found in Docket 1-3 beginning at page 56.

Weiss traveled to Arizona in October 2023 to meet Plaintiff and discuss his possible role with the company. (*Id.* ¶¶ 18-19.) If hired, Plaintiff would assist with a planned transfer of ownership of Weiss Construction from Daniel Weiss, the then-current CEO, to his son Jake Weiss, an officer in the company. (*Id.* ¶¶ 19-20.) Over dinner in Arizona, Jake Weiss and another Weiss Construction employee made various representations to Plaintiff about the terms of his employment. (*Id.* ¶¶ 21-24.) For example, Plaintiff would start as Vice President of Operations with a later promotion to Chief Operating Officer, Plaintiff would work closely with Jake Weiss, the transfer of the company would take place by January 2024, and Plaintiff would have ample time to work from home in Arizona. (*Id.*)

After further "negotiations and promises," Plaintiff signed the Agreement on October 27, 2023. (*Id.* ¶ 25.) Jake Weiss signed the Agreement as the Business Administrator for Weiss Construction. (*Id.*) Relevant here, the Agreement stated that Plaintiff would receive a guaranteed bonus of 20 percent of his base salary in 2025, and, in the event of his termination, he would receive severance, COBRA insurance coverage, and a payout for all unused vacation days (all together, the "Benefits"). (*Id.* ¶¶ 31-34.)

Plaintiff met Defendant Daniel Weiss in December 2023. (*Id.* ¶ 40.) Plaintiff alleges that Daniel changed the nature of his employment so that he would report to Daniel instead of Jake. (*Id.* ¶¶ 43-44.) Under this new arrangement, Daniel still permitted Plaintiff to work from home in Arizona. (*Id.* ¶ 28.) When Plaintiff worked from home, Daniel frequently communicated with him telephonically. (*Id.* ¶¶ 48-51.) Daniel also tasked Plaintiff with traveling to various project sites outside of Arizona, including Michigan to visit Weiss Construction on multiple occasions. (*Id.* ¶¶ 48-49, 53.) Throughout Plaintiff's employment, both Defendants Daniel and Jake Weiss assured him that he would receive the Benefits in his Agreement. (*Id.* ¶¶ 46, 79.)

Then, in October 2025, Plaintiff was terminated. (*Id.* ¶ 55.) Plaintiff contacted Daniel Weiss for an explanation. (*Id.* ¶ 56.) He responded that Plaintiff was terminated because Weiss Construction was in financial trouble. (*Id.*) Daniel then told Plaintiff that the Benefits would not be provided. (*Id.* ¶ 57.)

Plaintiff alleges that, as of the date of the FAC, he still has not received the Benefits. (*Id.* ¶ 58.) He further alleges that Weiss Construction has not filed for bankruptcy. (*Id.* ¶ 59.) And, since his termination, Weiss Construction has paid salaries and termination benefits to other employees. (*Id.* ¶¶ 59-60.)

Plaintiff filed suit in Arizona Superior Court and later amended his complaint. The FAC alleges that Defendants breached both the Agreement and the implied covenant of good faith and fair dealing. (*Id.* ¶¶ 62-75.) The FAC further alleges that Defendants induced Plaintiff into working for Weiss Construction by fraudulently and negligently misrepresenting the terms of the Agreement, specifically that he would receive the Benefits. (*Id.* ¶¶ 76-97.) The FAC also seeks to recover unpaid wages under A.R.S. § 23-355. (*Id.* ¶¶ 98-103.) Finally, Plaintiff seeks punitive damages. (*Id.* ¶¶ 104-07.)

The Defendants removed to this Court. (Doc. 1.) Defendant Daniel Weiss now moves to dismiss the FAC for lack of personal jurisdiction and, in the alternative, for failure to state a claim. (Doc. 4.) Daniel Weiss's motion includes a declaration rebutting some of the FAC's jurisdictional allegations. (Docs. 4-1, 18, 19.)[3] Defendant Jake Weiss moves to dismiss the FAC for failure to state a claim. (Doc. 5.) Plaintiff responded to both motions. (Docs. 15, 16.) And both defendants replied. (Docs. 21, 17.) Defendant Weiss Construction has not answered or otherwise responded to the FAC, and the Clerk has entered default against it. (Doc. 22.)

## II. LEGAL STANDARDS

### A. Personal Jurisdiction

"Personal jurisdiction is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (citation modified). A defendant may move "to dismiss the complaint for lack of personal jurisdiction." *Data Disc, Inc. v. Sys. Tech. Assocs. Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977); *accord* Fed. R. Civ. P. 12(b)(2). In response, a plaintiff bears the burden of establishing personal jurisdiction. *Herbal Brands,*

[3] David Weiss originally attached the wrong declaration. (*See* Doc. 21 at 1 n.1.) This Court granted his Motion to Substitute Exhibits upon the parties' stipulation. (*See* Docs. 18, 19.)

*Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1090 (9th Cir. 2023). "Uncontroverted allegations in the complaint are taken as true, but in the face of a contradictory affidavit, the 'plaintiff cannot simply rest on the bare allegations of its complaint.'" *Yamashita v. LG Chem., Ltd.*, 62 F.4th 496, 502 (9th Cir. 2023) (citation modified) (quoting *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011)). Here, the Court looks to the FAC as the operative complaint. *See Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1043 (9th Cir. 2018).

In the absence of a federal statute, the district court applies the law of the state in which it sits. *Herbal Brands*, 72 F.4th at 1089. Arizona's long-arm statute allows courts to exercise personal jurisdiction over a person to the extent allowed by the United States and Arizona Constitutions. Ariz. R. Civ. P. 4.2(a). Arizona's constitutional requirements for personal jurisdiction are coextensive with the limits of federal due process. *Herbal Brands*, 72 F.4th at 1089.

For a court to have personal jurisdiction over a defendant, federal due process requires that nonresident defendants have "certain minimum contacts" with the forum state so that the lawsuit "does not offend traditional notions of fair play and substantial justice." *Briskin v. Shopify, Inc.*, 135 F.4th 739, 750 (9th Cir. 2025) (en banc) (citation modified); *accord Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Personal jurisdiction can be either general or specific. *Briskin*, 135 F.4th at 750. Plaintiff notes that "[i]n this case, specific jurisdiction is the most applicable." (Doc. 15 at 3.) As such, the Court will not perform an independent analysis of general jurisdiction.

Specific jurisdiction extends to lawsuits where the defendant's suit-related conduct creates a substantial connection to the forum state. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The Ninth Circuit analyzes specific jurisdiction under a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the

> defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). If a plaintiff establishes the first two prongs, the burden shifts to the defendant to show that the third is not met. *Id.*

**B. Failure To State a Claim**

A motion to dismiss for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6), "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A court may dismiss a complaint "if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citation modified). A complaint must assert sufficient factual allegations that, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is more than mere possibility; a plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When analyzing the sufficiency of a complaint, the well-pled factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

**III. DISCUSSION**

**A. Lack of Personal Jurisdiction (Defendant Daniel Weiss)**

Turning first to personal jurisdiction over Daniel Weiss, the Court begins with the first prong of specific jurisdiction: whether Daniel Weiss purposefully availed himself of or purposefully directed his actions toward Arizona. *Schwarzenegger*, 374 F.3d at 802. Courts have generally recognized a distinction between purposeful availment and direction, noting that claims sounding in tort generally apply the purposeful direction test and claims sounding in contract generally apply the purposeful availment test. *Morrill v.*

*Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017). While the Ninth Circuit has noted that there is not a "rigid dividing line" between the two tests, the parties have briefed the jurisdiction over the tort and contract claims separately and the Court finds that appropriate under the facts here. *See Briskin*, 135 F.4th at 751 & n.10 (noting the first prong of the personal jurisdiction test may be satisfied by "purposeful availment, by purposeful direction, or by some combination thereof" yet still applying the purposeful direction test because the claim at issue sounded in tort); *see also* (Doc. 4 at 7-10; Doc. 15 at 6-8).

**1. Purposeful Availment**

Plaintiff argues that Daniel Weiss purposefully availed himself of the benefits and protections of Arizona "by utilizing Plaintiff's Arizona base and directing work through persistent Arizona-focused communications and management." (Doc. 15 at 7.) Specifically, Plaintiff alleges that Daniel Weiss permitted him to work remotely in Arizona as his "main headquarters," communicated with Plaintiff while he was in Arizona, and arranged work-related flights for Plaintiff to and from Arizona. (*Id.* 15 at 6-7.) Plaintiff also alleges Daniel Weiss was aware that Jake Weiss traveled to Arizona to recruit him. (*Id.*) Plaintiff lastly adds that Daniel Weiss was the one who discussed "the inherent breach of contract with Plaintiff." (*Id.* at 7.)

Importantly, Plaintiff does not allege that Daniel Weiss ever visited him in Arizona at any point or that Daniel Weiss ever conducted relevant business in Arizona. And in Daniel Weiss's Declaration, he makes clear that he has never transacted or solicited business in Arizona or with anyone in Arizona, as would be relevant to this case. (Doc. 18 at 5). Weiss Construction does not do business in Arizona. (*Id.*) Nor was Daniel Weiss "involved directly in the hiring" of Plaintiff. (*Id.* at 5-6.)

Plaintiff contends that Daniel Weiss inappropriately relies on his Declaration because, in Plaintiff's belief, motions to dismiss for lack of personal jurisdiction are limited to the facts in the operative complaint. (Doc. 15 at 10-11.) But it is hornbook law that the "Court may consider declarations when analyzing a motion [to dismiss for lack of personal jurisdiction] under Rule 12(b)(2)." *Reynolds v. Binance Holdings Ltd.*, 481 F. Supp. 3d

997, 1006 n.4 (N.D. Cal. 2020) (citing *Data Disc*, 557 F.2d at 1285). Plaintiff offers no case law to the contrary. Nor does he respond to the case law cited by Daniel Weiss that permits exactly that. *See, e.g.*, *Yamashita*, 62 F.4th at 502 ("In the face of a contradictory affidavit, the plaintiff cannot simply rest on the bare allegations of its complaint.") (citation modified).

Having set out the jurisdictional facts, the Court now turns to its analysis. Both parties cite *Gonzalez v. US Human Rights Network*, 512 F. Supp. 3d 944 (D. Ariz. 2021), favorably. The plaintiff in *Gonzalez* was an Arizona resident who worked remotely for a Georgia company. 512 F. Supp. 3d at 949-50. The plaintiff sued the company as well as various corporate officers for breach of an employment contract and negligent misrepresentation. *Id.* at 951-54. And, like Daniel Weiss, none of the corporate officers ever visited Arizona, nor were they parties to the employment contract at issue. *Id.* at 955-66. The court held that the corporate officer defendants had not purposefully availed themselves of Arizona, noting that it is "hard to imagine . . . how nonparties to an agreement who never visited the forum state and whose own responsibilities were not tied to the forum except through Plaintiff could be subject to personal jurisdiction there." *Id.* at 956 (citing *Walden*, 571 U.S. at 286 ("But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction.")). *Gonzalez*, then, supports Daniel Weiss's position.

Plaintiff relies on *Gonzalez* because the court also notes that in telecommuting cases, the presence or absence of affirmative recruitment efforts by a corporate officer is a relevant factor. *Id.* at 956-57. Had Jake Weiss, the Defendant who traveled to Arizona and directly recruited Plaintiff, raised a personal jurisdiction defense, this proposition might hold weight. But Daniel Weiss never visited Arizona. Indeed, in his Declaration, he states that he had no direct personal involvement in the hiring of Plaintiff.[4] (Doc. 18 at 5-6.)

---

[4] Plaintiff also cites *Frank E. Basil, Inc. v. Industrial Commission of Arizona*, 130 Ariz. 172 (App. 1981). The issue in *Basil* was whether personal jurisdiction existed over a company that had hired the plaintiff, rather than an individual officer of the company. *See id.* at 175-76. Thus, this case is inapplicable to Daniel Weiss.

The Court finds Plaintiff's other jurisdictional allegations to be insufficient. As other courts in this District have recognized, "phone calls, emails, and similar forms of communication with a plaintiff in the forum state 'simply do not qualify as purposeful activity invoking the benefits and protection of the forum state.'" *E.g.*, *Gonzalez*, 512 F. Supp. 3d at 956 (citation modified) (quoting *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985)). Nor does the Agreement itself or Plaintiff working from home weigh in Plaintiff's favor because "the fact that a contract envisions one party discharging his obligations in the forum state cannot, standing alone, justify the exercise of jurisdiction." *Picot v. Weston*, 780 F.3d 1206, 1213 (9th Cir. 2015). Finally, any contacts initiated by Plaintiff, such as the conversation about the alleged breach of contract, must be disregarded because personal jurisdiction must arise out of contacts that the defendant undertakes with the forum state. *Walden*, 571 U.S. at 284.

For these reasons, the Court finds that Daniel Weiss did not purposefully avail himself of the benefits and protections of Arizona.

**2. Purposeful Direction**

The Court now considers whether Daniel Weiss purposefully directed his actions toward Arizona. Looking to the claims of fraudulent and negligent misrepresentation, Plaintiff contends that Daniel Weiss was (or should have been) aware of negotiations surrounding Plaintiff's hiring and that he made representations to Plaintiff about the Agreement during his employment. (Doc. 15 at 7-8.) He suggests that these allegations establish that Daniel purposefully directed his actions toward Arizona.

In the Ninth Circuit, the *Calder* effects test determines whether there is purposeful direction. *See Briskin*, 135 F.4th at 751-52. This test "requires that the defendant (1) commit an intentional act, that is (2) expressly aimed at the forum state, and (3) which causes harm that the defendant knows will be suffered in the forum state." *Id.* at 751. Under this test, physical presence of the defendant is not required in the forum state. *Id.* at 751-52. In analyzing whether a defendant has expressly aimed at the forum state, courts consider whether the defendant created the contacts himself and whether the contacts were with the

forum state, not simply with persons who reside there. *See Morrill*, 873 F.3d at 1143. Thus, the "mere fact that a defendant's conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Id.* (citation modified).

Plaintiff's Response makes no meaningful attempt to engage with authority or otherwise explain how the FAC's allegations establish purposeful direction. (*See* Doc. 15 at 7-8.) Nor does he respond to Daniel's arguments that Daniel's alleged actions had nothing to do with Arizona, and any connection with Arizona is a result of "the happenstance of Plaintiff's residence." (Doc. 4 at 10 (quoting *Morrill*, 873 F.3d at 1146).) Instead, Plaintiff simply asserts that "the tortious acts were aimed and had their effect in the State of Arizona," repeats some of the jurisdictional allegations, and concludes that the ramifications of Defendant's actions were felt in Arizona. This is insufficient to meet Plaintiff's burden.

In sum, Plaintiff has not pled allegations sufficient to establish that Daniel Weiss either purposefully availed himself of or purposefully directed his actions toward Arizona. Accordingly, Plaintiff has not met his burden to establish personal jurisdiction over Daniel Weiss, and the Court will dismiss Daniel Weiss from this action.

**B. Failure To State a Claim (Defendant Jake Weiss)**

Plaintiff brings five claims against Jake Weiss—breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent misrepresentation, negligent misrepresentation, and a wage recovery claim under A.R.S. § 23-355.[5]

**1. Breach of Contract**

Jake Weiss first asserts that Plaintiff fails to state a claim for breach of contract because he is not a party to the Agreement. (Doc. 5 at 6.) He contends that while his name appears on the Agreement, it was not signed in his personal capacity but rather as an agent of Weiss Construction. (*Id.* at 6-7) He also argues that Plaintiff concedes this point in the FAC because it acknowledges that Jake signed the agreement as Business Administrator of Weiss Construction. (*Id.* at 6 (citing FAC ¶ 25).)

---

[5] Plaintiff also seeks punitive damages in the FAC, but he concedes in his Response that he does not view that request as a separate claim. (Doc. 16 at 14.)

Plaintiff responds that Jake Weiss's interactions with Plaintiff and his assurances of Benefits during the negotiation of the Agreement went beyond his role as an officer of the company. (Doc. 16 at 5.) He contends that the FAC alleges that Jake Weiss's actions were "personally intertwined with the formation and performance of the Agreement," so he should be personally liable for the alleged breach. (*Id.*) Jake Weiss replies that the allegations of personal assurances do not appear in the FAC, and even if they did, there is no basis in Arizona law to suggest that an agent who makes representations on behalf of a company can be held personally liable for the contract. (Doc. 17 at 5.)

Under Arizona law, the general rule is that one "who signs an agreement as the agent of a fully disclosed principal is not a party to that agreement and thus incurs no personal liability for the principal's breach of that agreement." *Ferrarell v. Robinson*, 11 Ariz. App. 473, 475-77 (1970) (holding that neither the salesman who signed the contract on behalf of the company nor a corporate officer of the company was liable on the contract). Even assuming the FAC could be read to include these allegations, Jake Weiss would not be personally liable under the general rule.

While Arizona courts recognize some exceptions to this general rule, none of them apply here. An agent may be liable for a contract if the agent does not disclose the existence of his agency or the identity of the principal. *See Short v. Dignity Health*, No. CV-24-01783-PHX-DGC, 2024 WL 4274118, at *3 (D. Ariz. Sept. 24, 2024) (citing *Myers-Leiber Sign Co. v. Weirich*, 2 Ariz. App. 534, 536 (1966)). But there is no allegation in the FAC that Jake Weiss's relationship with Weiss Construction was somehow undisclosed. In fact, the FAC alleges that Jake Weiss signed the Agreement as the Business Administrator for Weiss Construction. (FAC ¶ 25.) An agent who signs without authority from the principal may also be liable for the contract. *See Short*, 2024 WL 4274188, at *3-4 (citing *Lois Grunow Mem'l Clinic v. Davis*, 49 Ariz. 277, 291 (1937)). But again, there is no allegation in the FAC that Jake Weiss signed without authority. Finally, Plaintiff's only case offered on this point notes that corporate officers or agents may be held personally liable under tort law. (*See* FAC ¶ 15 (citing *Bischofshausen, Vasbinder, & Luckie v. D.W. Jaquays Mining*

*& Equip. Contractors Co.*, 145 Ariz. 204, 210-11 (App. 1985)).) But a claim for breach of contract does not lie in tort; it lies in contract.

Because Arizona law precludes agent liability for the principal's breach of contract, and no exception applies, the Court will dismiss the breach of contract claim against Jake Weiss.

**2. Implied Covenant of Good Faith and Fair Dealing**

Arizona courts recognize "the well-settled principle that a contract must exist before there can be a breach of the covenants of good faith and fair dealing implied in every contract." *Norman v. State Farm Mut. Auto. Ins. Co.*, 201 Ariz. 196, 198 (App. 2001). It naturally follows that the implied covenant may only be enforced against the parties to the contract. *Woerth v. City of Flagstaff,* 167 Ariz. 412, 418 (App. 1990) (citing *Wagenseller v. Scottsdale Memorial Hosp.*, 147 Ariz. 370, 385 (1985) (superseded by statute on other grounds)) ("[T]he implied-in-law covenant of good faith and fair dealing protects the right of *the parties* to an agreement to receive the benefits of the agreement that they have entered into.") (emphasis added). Because the Court has found that the FAC fails to allege that Jake Weiss was a party to the Agreement, the Court finds that it must also dismiss the breach of implied covenant claim against Jake Weiss.

**3. Fraudulent Misrepresentation**

Under Arizona law, a claim of fraudulent misrepresentation requires proof of the following elements "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) his consequent and proximate injury." *Moore v. Meyers*, 31 Ariz. 347, 354 (1927). The complaint "must state with particularity the circumstances constituting fraud," meaning the "who, what, when, where, and how" of the fraud. Fed. R. Civ. P. 9(b); *Cooper v. Pickett*, 137 F.3d 616, 627 (1997). The complaint must make clear "what is false or misleading about the purportedly fraudulent statement, and why it is false." *In re Cloudera, Inc.*, 121 F.4th 1180, 1187 (9th

Cir. 2024). Federal Rule of Civil Procedure 9(b) exists to "give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993).

In the FAC, Plaintiff alleges that both before and during the negotiations of the Agreement as well as during his employment, "Defendants" made various representations to him about the Benefits he would receive under the Agreement. (FAC ¶¶ 78-79.) He specifically points to the promise of a guaranteed 2025 bonus, and, upon termination, severance, COBRA, and unused vacation payment. (*Id.*) Plaintiff argues that he relied on these representations when he took the job. (*Id.* ¶ 80.) And he further contends that these statements were false because "Defendants never planned on complying with the representations." (*Id.* ¶ 81.) Failure to pay these Benefits constituted injury. (*Id.* ¶¶ 86-87.)

Jake Weiss's Motion does not address these allegations. It instead addresses the allegations specifically naming Jake as the speaker. (Doc. 5 at 8 (citing FAC ¶¶ 21-24).) He asserts that the FAC does not allege that any of these statements are false. (Doc. 5 at 8-9.) He also contends that these allegations are "wholly disconnected" from the damages for unpaid severance, COBRA, vacation time, and bonus that Plaintiff is seeking. (*Id.* at 9.)

These allegations against Jake Weiss discuss the possibility of Plaintiff's promotion, his working relationship with Jake, transfer of ownership of Weiss Construction, and Plaintiff working from home. (*See* FAC ¶¶ 21-24.) The FAC does not suggest that any of those four statements were false when made, nor does Plaintiff's Response contend that they are. (*See* Doc. 16 at 7-8. *See generally* FAC.) Further, even if they were false, the Court agrees with Jake Weiss that those are not related to the undelivered Benefits. Nor does Plaintiff's Response provide an explanation of how they might be connected. (*See* Doc. 16 at 7-8 (explaining that Plaintiff was injured because of unpaid severance, bonus, COBRA, and unused vacation time yet citing to paragraphs 21-25 which do not mention those benefits).) The Court concludes that these allegations cannot form the basis of a claim for fraudulent misrepresentation.

The Court also finds that the fraudulent misrepresentation allegations against unspecified "Defendants" do not satisfy Rule 9(b)'s heightened pleading standard. "Federal Rule of Civil Procedure 9(b) does not allow a complaint to lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant." *Destfino v. Reiswig*, 630 F.3d 952, 958-59 (9th Cir. 2011) (citation modified). These allegations assert that "Defendants" made representations about the Benefits. And unlike earlier allegations in the FAC that list specific locations and dates (*see, e.g.*, FAC ¶¶ 17-25), these statements are only alleged to have occurred "throughout Plaintiff's employment" or "prior to Executing the Agreement." These allegations do not mention Jake Weiss by name, so these allegations are insufficient. *See Aquilina v. Certain Underwriters at Lloyd's Syndicate #2003*, 406 F. Supp. 3d 884, 903 (D. Haw. 2019) ("The Complaint generally refers to "Broker Defendants," or it refers to "Defendants" collectively. Doing so violates Rules 8(a) and 9(b) by failing to attribute specific misconduct to [a specific defendant].").

The Court will dismiss the fraudulent misrepresentation claim for lack of particularity.

**4. Negligent Misrepresentation**

"Negligent misrepresentation occurs when a person 'fails to exercise reasonable care and competence in obtaining or communicating information and thereby, in the course of his business or employment, provides false information for the guidance of others.'" *In re Allstate Life Ins. Co. Litig.*, 971 F. Supp. 2d 930, 945 (D. Ariz. 2013) (quoting *PLM Tax Certificate Program 1991-92, L.P. v. Schweikert*, 216 Ariz. 47, 50 (App. 2007)). Like fraud, a "claim for negligent misrepresentation must meet the particularity requirements of Federal Rule of Civil Procedure 9(b)." *In re Theranos, Inc. Litigation*, 256 F. Supp. 3d 1009, 1032 (D. Ariz. 2017) (citation modified).

The FAC alleges that "Defendants provided false statements and information to Plaintiff during the employment negotiation and during Plaintiff's employment . . ." and that "[t]hese statements were made by Defendants in the course of their business,

profession, employment, or a transaction in which they held a pecuniary interest." (FAC ¶ 90.) The FAC specifies that these statements assured Plaintiff that he would receive the Benefits in the Agreement. (FAC ¶ 91.) While these allegations may sufficiently plead the what and the how of the fraud, the when, the where, and importantly the who are missing. As the Court explained above, general references to "Defendants" making statements at some point during the Plaintiff's employment is insufficient to put Jake Weiss on notice of the specific instances of alleged misconduct. *See Neubronner*, 6 F.3d at 671.

Plaintiff's Response offers nothing to support Rule 9(b)'s particularity requirement. (*See* Doc. 16 at 10-12.) Because the allegations supporting the claim of negligent misrepresentation do not meet the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b), the Court will dismiss the negligent misrepresentation claim.

**5. Wage Recovery**

Section 23-355 of the Arizona Revised Statutes states that "if an employer . . . fails to pay wages due any employee, the employee may recover . . . an amount that is treble the amount of the unpaid wages." Jake Weiss argues that even if he were a corporate officer of Weiss Construction, he was not Plaintiff's "employer." (Doc. 5 at 14-15.) In response, Plaintiff points to the FAC that alleges that while he was an employee of Weiss Construction, he was also an employee of Jake Weiss because Jake Weiss was an officer of Weiss Construction and he was specifically hired by Jake Weiss to assist him. (Doc. 16 at 13 (citing FAC ¶ 100).)

But this characterization does not fit within the statute's narrow definition of "employer." *See Channel v. Home Mortg., Inc.*, No. CIV 03-00100-PHX-ROS, 2005 WL 8160525, at *14 (D. Ariz. Sept. 21, 2005) ("Arizona courts would interpret the term 'employer' in A.R.S. § 23-355 to include a corporation, but not officers or agents of the corporation."); *Rosen v. Fasttrak Foods LLC*, No. CV-19-05292-PHX-DWL, 2021 WL 2981590, at *5 (D. Ariz. July 15, 2021) ("This statutory definition does not . . . authorize individual liability against the owners, officers, and directors of a corporate employer in a case where the claim is for the employer's wholesale failure to pay wages."). For purposes

of A.R.S § 23-355, when one is employed by a corporation, their employer is the corporation—not the corporation's officers. Because Plaintiff has failed to properly allege that Jake Weiss is his employer, the Court finds that he has not properly pled a wage recovery claim under A.R.S. § 23-355.

**C. Leave to Amend**

Plaintiff has already amended his complaint once in state court. And he does not ask for leave to amend in his Response. But, where a district court grants a motion to dismiss, it should generally provide leave to amend unless the complaint clearly could not be saved by any amendment. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); Fed. R. Civ. P. 15(a). This is true "even if no request to amend the pleading was made." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

The Court may, however, "exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on [the] part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party and futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (citation modified) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). In sum, leave to amend "is properly denied [when] amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

The Court will not grant Plaintiff leave to further amend his complaint as to the jurisdictional allegations against Defendant Daniel Weiss. The Court is not convinced that Plaintiff can allege any other facts weighing in favor of jurisdiction, thus amendment would be futile. The Court will also decline leave to further amend the complaint as to Plaintiff's contract, good faith and fair dealing, and unpaid wages claims (Counts I, II, and V) against Defendant Jake Weiss because they are barred as a matter of law. The Court will, in its discretion, grant Plaintiff leave to amend his claims of fraudulent and negligent

misrepresentation (Counts III and IV) against Jake Weiss because the lack of particularity can be cured with more specific allegations.

**D. Attorney's Fees and Costs**

Both Defendants ask the Court for an opportunity to seek an award of reasonable attorneys' fees and costs under A.R.S. §§ 12-341, 12-341.01. (Doc. 4 at 17; Doc. 5 at 17.) Defendant Daniel Weiss also seeks sanctions under A.R.S. § 12-349. (Doc. 4 at 17.)

Because the Court has dismissed all claims against Daniel Weiss and denied Plaintiff leave to amend them, it will permit Daniel Weiss to file a motion consistent with Local Rule 54.2. As two of the claims against Jake Weiss are subject to amendment, the Court will deny Jake Weiss's request to seek attorneys' fees and costs at this time.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Daniel Weiss's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 4) is **GRANTED**. Plaintiff's First Amended Complaint is dismissed without prejudice as to Daniel Weiss. The Clerk of Court must enter a judgment of dismissal only as to Defendant Daniel Weiss.

**IT IS FURTHER ORDERED** that Defendant Jake Weiss's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 5) is **GRANTED** as follows:

1. Plaintiff's Breach of Contract claim (Count I) is dismissed with prejudice.
2. Plaintiff's Breach of Implied Covenants of Good Faith and Fair Dealing claim (Count II) is dismissed with prejudice.
3. Plaintiff's Fraudulent Misrepresentation claim (Count III) is dismissed without prejudice.
4. Plaintiff's Negligent Misrepresentation claim (Count IV) is dismissed without prejudice.
5. Plaintiff's Wage Recovery claim under A.R.S. § 23-355 (Count V) is dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff must amend his First Amended

Complaint no later than **September 11, 2026**.

**IT IS FINALLY ORDERED** that on or before **September 4, 2026**, Plaintiff must file a status report addressing whether he intends to move for default judgment against Defendant Weiss Construction Company. (*See* Doc. 22.)

Dated this 28th day of August, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge