**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Theodoros Michaelidis,<br>Plaintiff,<br>v.<br>Daniel Weiss, et al.,<br>Defendants. | No. CV-26-03005-PHX-MTL<br>**ORDER** |

Before the Court is Defendant Daniel Weiss's Application for Attorneys' Fees (Doc. 34).

**I.**

This case arises out of a dispute over Plaintiff's employment contract with Weiss Construction. Plaintiff initiated this suit in Arizona Superior Court against Weiss Construction as well as Defendants Daniel Weiss and Jake Weiss. (Doc. 1-3 at 2.) Plaintiff amended his Complaint, and Defendants removed to this Court. (Doc. 1; Doc. 1-3 at 56.)

The First Amended Complaint ("FAC") asserts five claims against all Defendants: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) fraudulent misrepresentation, (4) negligent misrepresentation, and (5) unpaid wages. Daniel Weiss moved to dismiss for lack of personal jurisdiction and for failure to state a claim. (Doc. 4.) The Court dismissed all claims against Daniel Weiss for lack of personal jurisdiction and did not reach the merits of any claims. (Doc. 23.)

In dismissing the FAC against Daniel Weiss the Court held that Plaintiff had not

established the first element of personal jurisdiction: purposeful availment and direction. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The Court found that Plaintiff's jurisdictional allegations were insufficient under the applicable caselaw and did not establish purposeful availment. (*See* Doc. 23 at 6-8.) The Court further held that "Plaintiff's Response ma[de] no meaningful attempt to engage with authority or otherwise explain how the FAC's allegations establish[ed] purposeful direction." (*Id.* at 9.)

Daniel Weiss now seeks an award of $64,007.50 in attorneys' fees under Section 12-341.01 of the Arizona Revised Statutes, which permits attorneys' fees in actions that arise out of a contract. (Doc. 34.) Plaintiff responded, and Daniel Weiss replied. (Docs. 37, 40.) The Court held a hearing on the Application.

**II.**

A party seeking an award of attorney's fees must demonstrate (1) their eligibility for the fees, (2) their entitlement to the fees, and (3) the reasonableness of the fees. LRCiv. 54.2(c). Because this case was brought under the Court's diversity jurisdiction, the Court "applies state law in deciding whether to allow attorney's fees when those fees are connected to the substance of the case." *Price v. Seydel*, 961 F.2d 1470, 1475 (9th Cir. 1992).

Daniel Weiss seeks attorneys' fees under Section 12-341.01(A) which provides that in "any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." Any award under Section 12-341.01(A) "should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense." A.R.S. § 12-341.01(B).

**III.**

Plaintiff argues that Daniel Weiss's application for fees should be denied, or alternatively reduced, because all, or at least some, of the claims do not arise out of a contract; the discretionary factors counsel against an award; and the hours worked are excessive, duplicative, and inadequately documented. The Court will address these

arguments in turn.

**A.**

Plaintiff first argues that Daniel Weiss is not eligible for attorneys' fees under Section 12-341.01 because the action does not arise out of a contract. "An action arises out of contract under A.R.S. § 12-341.01(A) if it could not exist 'but for' the contract." *Hanley v. Pearson*, 204 Ariz. 147, 151 (App. 2003).

Plaintiff briefly argues that no part of this action arises out of a contract because "Daniel Weiss concedes he was never a party to any contract, and the Court dismissed him without reaching any contract claim." (Doc. 37 at 10.) But a "defendant seeking attorneys' fees under A.R.S. § 12-341.01(A) need not be a party to the contract forming the basis for the award." *Chaurasia v. Gen. Motors Corp.*, 212 Ariz. 18, 30 (App. 2006); *see also Nolan v. Starlight Pines Homeowners Assn*, 216 Ariz. 482, 490 (App. 2007) ("[A] court may award fees to a defendant in a contract action if the defendant prevails on the basis that there is no contract or there has been no breach."). And "[a]n adjudication on the merits is not a prerequisite to recovering attorneys' fees under A.R.S. § 12-341.01." *Fulton Homes Corp. v. BBP Concrete*, 214 Ariz. 566, 572 (App. 2007). As such, Daniel Weiss is not ineligible for fees simply because he raised defenses to formation or because the Court dismissed the case on jurisdictional grounds.

Plaintiff next argues that neither the tort nor the statutory claims arise out of a contract. The Complaint alleges that Defendants fraudulently and negligently misrepresented the terms of the contract. (Doc. 1-3 at 71-75.) But for the existence of the contract, there would be nothing to misrepresent. Moreover, Plaintiff's statutory claim seeks treble damages for various unpaid benefits. Plaintiff's basis for the claim is that the contract provided for them. (*Id.* at 76-77.) Just as with the tort claims, the statutory claim too would not exist but for the contract. As such, the Court concludes this entire action arises out of a contract for purposes of Section 12-341.01, and Daniel Weiss is eligible for an award.

**B.**

Plaintiff next argues that the Court should decline to award the requested fees because Section 12-341.01 is discretionary and the relevant factors counsel against an award. In assessing a potential award of fees under Section 12-341.01, courts weigh the following six factors:

1. The merits of the claim or defense presented by the unsuccessful party;
2. The litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result;
3. Assessing fees against the unsuccessful party would cause an extreme hardship;
4. The successful party did not prevail with respect to all of the relief sought;
5. The novelty of the legal question presented, and whether such claim or defense had previously been adjudicated in this jurisdiction; and
6. Whether the award in any particular case would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees.

*Associated Index. Corp v. Warner*, 143 Ariz. 567, 570 (1985).

The parties dispute the applicability of all six factors.* Starting with the merits, Plaintiff seems to suggest that this factor is neutral because the Court never reached the substantive merits of his claims. Rather, it dismissed Daniel Weiss for lack of personal jurisdiction. But when a dismissal is based on a lack of personal jurisdiction, the Court assesses the merits of the personal jurisdiction question. *See Find Staff*, 2026 WL 1413603, at *2. Here, Daniel Weiss's alleged contacts with Arizona were either largely attenuated or entirely irrelevant under binding precedent. And Plaintiff's response brief largely failed to rebut the arguments or caselaw Daniel Weiss presented in his motion to dismiss. As such, the Court finds the first factor weighs strongly in favor of awarding fees.

The second factor is whether litigation could have been avoided. Daniel Weiss points to an email exchange between the parties' counsel, which discusses the lack of

* The parties break the fifth factor into two: "novelty" and "whether similar claims have been adjudicated in the jurisdiction." The Court will analyze it as one. *See Find Staff LLC v. Palm Beach Tours & Transp. LLC*, No. CV-25-01429-PHX-ROS, 2026 WL 1413603, at *2-3 (D. Ariz. May 20, 2026) (analyzing the novelty and previous adjudication of the claims as one factor); *see also Warner*, 143 Ariz. at 570.

personal jurisdiction and suggests the parties settle to avoid litigation. Plaintiff does not dispute that he refused. He instead argues that the law does not require a party to forfeit a good-faith jurisdictional position simply because the other party asserted that it would prevail. While it is true that a party need not abandon good faith positions, Plaintiff's personal jurisdiction position largely lacked merit. Accordingly, the Court finds that the second factor weighs in favor of awarding fees.

The third factor is whether assessing fees against Plaintiff would cause an extreme hardship. "[T]he party asserting financial hardship has the burden of coming forward with prima facie evidence of financial hardship," by "present[Ing] specific facts by affidavit or testimony." *Woerth v. City of Flagstaff*, 167 Ariz. 412, 420 (App. 1990). Plaintiff does not submit any evidence of hardship with his response brief. He instead argues that a $64,000 fee is severe and disproportionate in a case where a former employee is seeking unpaid compensation. While the requested fee is large, Daniel Weiss argues that it is proportionate to the over $600,000 at issue. The Court notes that in its Order on Plaintiff's Default Judgment against Defendant Weiss Construction, the Court holds that Plaintiff cannot recover treble damages through his unpaid wage claim, greatly reducing the amount recoverable. Given this fact and the size of the requested fee, the Court finds that the third factor is neutral.

The fourth factor asks whether the successful party prevailed in all respects. Daniel Weiss argues he did because all claims were dismissed against him for lack of personal jurisdiction. Plaintiff argues that Daniel Weiss was not entirely successful because he sought dismissal with prejudice, yet the Court dismissed him without prejudice. The Court again finds that *Find Staff*, which found the fourth factor weighed in favor of the defendants who succeeded in having all claims dismissed against them for lack of personal jurisdiction even when the claims were dismissed without prejudice, is instructive. 2026 WL 1413603, at *2, 3. Thus, the Court finds the fourth factor weighs in favor of awarding fees.

The fifth factor concerns the novelty of the legal question presented and whether similar claims have been adjudicated in this district. "[A] finding that the issues are not

novel weighs in favor of finding an award." *Sandoval v. Oxford Fin. LLC*, No. 1 CA-CV 20-0023, 2021 WL 865245, at *5 (Ariz. App. Mar. 9, 2021). Daniel Weiss argues there were no novel issues of personal jurisdiction presented. Plaintiff appears to agree. (Doc. 37 at 6-7 (characterizing Daniel Weiss's argument that the claims were not novel as a concession).) The Court finds that the personal jurisdiction question was largely covered by governing case law, so it agrees with the parties that the issue was not novel. As such, this factor strongly weighs in favor of a fee award.

The final factor considers whether an award here would discourage other litigants from bringing legitimate claims. Plaintiff argues that awarding substantial fees against a discharged employee would discourage other employees from vindicating their rights. Daniel Weiss contends that because Plaintiff had no legal or factual basis to bring his claims in Arizona, a fee award would only discourage meritless claims. The Court finds that the jurisdictional defects were clear under governing caselaw, so an award of fees would more likely "encourage[] potential [plaintiffs] to more thoroughly consider and investigate their [claims] before filing them" which would "benefit[] future parties and our judicial system." *Fulton Homes*, 214 Ariz. at 573. As such, this final factor also weighs in favor of awarding fees.

Considering the above factors, the Court finds that Daniel Weiss is entitled to an award of attorneys' fees.

**C.**

Plaintiff lastly argues that the Court should reduce the amount of the award because it is unreasonable. When evaluating whether a fee award is reasonable, the Court considers (1) whether the hourly billing rate is reasonable, and (2) whether the hours expended on the case are reasonable. *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 187-89 (App. 1983). "Once a party establishes its entitlement to fees and meets the minimum requirements in its application and affidavit for fees, the burden shifts to the party opposing the fee award to demonstrate the impropriety or unreasonableness of the requested fees." *Nolan*, 216 Ariz. at 491.

**1.**

The Court begins its analysis with the hourly billing rate. Here, three partners, one associate, and one paralegal billed time on the case. The partners billed at between $650/hour and $880/hour; the associate billed at $450/hour; and the paralegal billed at $325/hour. (Doc. 34-1 ¶¶ 17-22.)

Daniel Weiss argues that in cases brought under Section 12-341.01, "the rate charged by the lawyer to the client is the best indication of what is reasonable under the circumstances of the particular case." *Schweiger*, 138 Ariz. at 187-88. Plaintiff responds by citing *Chalmers v. City of Los Angeles*, a case assessing fees sought under a federal statute, which states that a reasonable rate "is not made by reference to rates actually charged [by] the prevailing party" and the Court should consider the prevailing rates in Phoenix. 796 F.2d 1205, 1210-11 (9th Cir. 1986). While the Court notes that attorneys' fees are governed by state law, *see Price*, 961 F.2d at 1475, the Court finds that these rates are reasonable even when compared to prevailing market rates. *See Thermocline Int'l v. BPI Sports LLC*, No. CV-20-02091-PHX-SPL, 2023 WL 3568199, at *10-12 (D. Ariz. May 19, 2023) (partner billing at $803.25/hour, associate billing $667.25/hour, and paralegal billing at $327.25/hour was reasonable). The Court finds that Plaintiff's two cases are inapplicable. The rate was uncontested in *Rindlisbacher v. Steinway & Sons Inc.*, No. CV-18-01131-PHX-MTL, 2021 WL 2434207, at *9, 14 (D. Ariz. May. 26, 2021). And *Lexington Insurance Co. v. Scott Homes Multifamily Inc.* is over ten years old and no longer reflects the prevailing rates of the Phoenix market. No. CV-12-02119-PHX-JAT, 2016 WL 5118316 (D. Ariz. Sep. 21, 2016).

The Court thus finds the rates are reasonable as billed.

**2.**

The Court's next task is to determine whether the hours expended are reasonable. Plaintiff argues the hours are unreasonable because (1) time spent on the merits of the claims should be discounted, (2) the hours are excessive for a "single-ground" motion, (3) time spent assessing Co-Defendant Jake Weiss's motions should be discounted, (4) five

timekeepers indicates duplicative billing, (5) Defendant's counsel impermissibly block-billed, and (6) fees requested for preparing the fee application should be discounted proportionately.

Plaintiff's first argument is that the Court should not award Daniel Weiss attorney fees for any time spent on the non-jurisdictional parts of his argument because the Court only reached the personal jurisdiction issue. The Court disagrees. Arizona law is clear that the prevailing party may "recover a reasonable attorney's fee for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest." *Schweiger*, 138 Ariz. at 188. The Court finds Plaintiff's citation to the contrary inapposite. A reasonable and prudent lawyer would raise both jurisdictional and merits defenses, so the Court finds the hours spent defending on the merits are compensable.

Plaintiff's second argument is that the hours are excessive for a "single-ground" motion. While the Court notes that Daniel Weiss's motion argued two grounds for dismissal, the Court nonetheless finds that the hours billed are excessive. Even considering counsel's voluntary reductions in the fees sought, the Court finds that the 135 hours billed exceed what is reasonably required for a case of this complexity and nature. The Court will reduce the fee award accordingly.

Plaintiff's third argument is that the hours Daniel Weiss's counsel spent reviewing his Co-Defendant's briefing and notice of removal are not compensable. But as Daniel Weiss recognizes, the Complaint alleged the same claims and theories against all Defendants. The Court finds that the relatively few hours spent reviewing Jake Weiss's motion to dismiss, Plaintiff's response brief thereto, and Jake Weiss's reply brief are reasonable. Moreover, while Jake Weiss may have drafted the notice of removal, both Defendants were required to consent to removal, so the limited time spent on removal is also reasonable.

Plaintiff next argues that the five timekeepers staffed on the case are indicative of inflated billing. Plaintiff points to the hours billed by one associate and one partner, arguing

that much of their work is duplicative. Daniel Weiss responds that it is common for associates to draft documents and for partners to review the work in an iterative process. The Court agrees that time spent on review and revision is reasonable to a certain extent, but upon review of the attached time entries, the Court finds that the hours are unreasonably duplicative and excessive.

Plaintiff also alleges that Daniel Weiss's counsel block-billed time in violation of Local Rule of Civil Procedure 54.2. The Local Rules provide that the movant's itemized account of time must reflect the "time devoted to each individual unrelated task performed." LRCiv. 54.2(e)(1)(B). Plaintiff points to two time entries that he believes violate the rule. Neither do. Both include many tasks within one time entry, but each individual task is followed by a parenthetical indicating the time spent on that task.

Finally, Plaintiff asks the Court to reduce the fees requested for preparing the fee application in an amount proportional to the reduction for the other work. In its discretion, the Court finds a proportionate reduction appropriate. *See Schwarz v. Sec. of Health & Hum. Servs.*, 73 F.3d 895, 909 (9th Cir. 1995) ("[A] district court does not abuse its discretion by applying the same percentage of merits fees ultimately recovered to determine the proper amount of the fees-on-fees award."). The Court, however, rejects Plaintiff's request to reduce the fees based on a scrivener's error in the Application.

In sum, the Court finds that the hourly rates are reasonable, but it finds that the total hours expended are excessive and thus unreasonable. As such, the Court will, in its discretion, reduce the amount of fees sought by fifty percent. The Court will award Daniel Weiss $32,003.75.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IV.**

Accordingly,

**IT IS ORDERED** that Daniel Weiss's Application for Attorneys' Fees (Doc. 34) is **GRANTED in part**.

**IT IS FURTHER ORDERED** that Daniel Weiss is awarded attorneys' fees against Plaintiff in the amount of $32,003.75.

**IT IS FINALLY ORDERED** that Plaintiff shall pay this amount to the Taft Stettinius & Hollister LLP trust account **within 30 days from the date of this Order**. If the amount is not paid within 30 days, interest shall begin to accrue at the statutory rate. Plaintiff must file a notice of compliance **within one business day** of payment.

Dated this 12th day of November, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge